17-0163
United States v. Goris

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY
CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, 40 Foley Square, in the City of New York, on the
29th day of January, two thousand eighteen.

PRESENT:
        DENNIS JACOBS,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,
            Circuit Judges.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    17-0163

PEDRO GORIS, a/k/a Pedro Goriz,
a/k/a Pedro Abreu,
        Defendant-Appellant.

_____

FOR DEFENDANT-APPELLANT:     Edward S. Zas, Federal Defenders
                             of New York, Inc., New York, NY.

1

**FOR APPELLEE:**                    Lara Pomerantz and Anna M. Skotko, Assistant United States Attorneys, for Geoffrey S. Berman, Interim United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pedro Goris pleaded guilty to illegal reentry under 8 U.S.C. § 1326(a) and (b)(2) in the United States District Court for the Southern District of New York (Forrest, J.). The district court sentenced Goris to a 36-month term of imprisonment, to run consecutively to an undischarged 60-month term of imprisonment previously imposed on Goris in state court for an unrelated drug offense. Goris challenges as substantively unreasonable the district court's decision to impose his federal sentence consecutively to his state sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Goris argues that the consecutive imposition of his 36-month federal sentence is substantively unreasonable because he will serve a total of 96 months in prison--a sentence above the Guidelines Sentencing Range of 51 to 63 months he claims would have applied if his state-law drug offense had been prosecuted as a federal offense alongside his illegal-entry offense. See U.S.S.G. § 3D1.1 (laying out the procedure for determining the total offense level in a case involving a multiple-count conviction).

We review for substantive reasonableness under "a particularly deferential form of [the] abuse-of-discretion [standard]." United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc). We will set aside the district court's decision "only in [an] exceptional case[] where [that] decision 'cannot be located within the range of permissible

2

decisions.'"  Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).  This is not an exceptional case.

A district court is free to require that a new sentence run consecutively to an undischarged term of imprisonment in order to "achieve a reasonable punishment for the [new] offense." U.S.S.G § 5G1.3(d); see United States v. Maria, 186 F.3d 65, 72 (2d Cir. 1999).  The court's decision to do so in this case was permissible because it was guided by a reasonable application of the relevant factors.  See U.S.S.G § 5G1.3(d), comment. 4; 18 U.S.C. § 3553(a); see also United States v. Coppola, 671 F.3d 220, 253 (2d Cir. 2012).

In particular, the court observed that both of the offenses at issue were serious; that Goris had been convicted of several other serious offenses and had served at least one substantial prison sentence; that this was not Goris's first conviction for entering the United States illegally; that Goris had "been deported a number of times" and "reentered illegally a number of times"; and that there was "[no]thing in the record [to] indicate[] that [Goris] ha[d] changed" or "that [he] w[ould] not try to reenter again."  App'x. at 98, 102.  The court then reasonably concluded that, "without a separate significant sentence that recognizes the separateness of [the] crime [of illegal entry from the crime of illegal possession of a controlled substance], [Goris would be] likely to reenter again."  Id. at 103-04.  This was no abuse of discretion.

Goris also asserts that United States v. Witte, 515 U.S. 389 (1995), stands for the proposition that a defendant's punishment should not depend on whether he is prosecuted in a single proceeding or in two separate proceedings, and hence, the consecutive sentence that he received is unreasonable.  But Witte concerns § 5G1.3(b) of the Guidelines, which protects defendants "against having the length of [their] sentence multiplied by duplicative consideration of the same criminal conduct."  Witte, 515 U.S. at 405.  In this case, the conduct was separate: Goris illegally reentered the country and separately committed a controlled substance offense. Therefore, Goris's reliance on Witte is not persuasive.

3

We have considered Goris's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court